G. W. CARPENTER & Co. *v.* A. M. BROWNLEE and WIFE.

WIDOW: TITLE OF EXEMPT PROPERTY UNDER ACT OF 20TH OCTOBER, 1852.—The interest and estate of a widow in the property of her deceased husband, exempt from execution, held under the Act of the 20th October, 1852 (Session Laws, 66, ch. 66), cease and determine upon her marriage to another husband; and if there be no children of the first husband, at the time of his death, or thereafter, such property will revert back to his estate, and will be subject and liable to the payment of his debts.

APPEAL from the Court of Probates of Chickasaw county. Hon. W. F. Tucker, judge.

The appellants filed their petition in the court below, in which they sought to compel the administrator of one Matthews, to inventory and sell certain real property, belonging to the said Matthews in his lifetime.

The petition states that Matthews died in 1855. His widow administered on the estate, which she afterwards declared insolvent. That petitioners recovered a judgment against Matthews in his lifetime, which was duly enrolled, and afterwards probated against his estate. That the judgment was unpaid; that Matthews left certain real estate, which his widow after his death possessed, and refused to inventory or to sell the same, upon the declaration of insolvency. That Matthews died without issue, and that the said widow had subsequently intermarried with one Brownlee.

The answer admitted all the allegations of the petition, except the title of Matthews to two lots of land embraced in the petition, and asserted an equitable title to those in Mrs. Brownlee. The answer claimed an absolute title in Mrs. Brownlee to the other land, under the Act of 20th October, 1852. Session Laws, ch. 66, p. 66.

Upon final hearing, the court dismissed the petition.

*W. P. Harris*, for appellants.

*T. S. Evans*, on same side.

*J. A. Orr*, for appellees,
Cited *Smith* v. *Estell*, 34 Miss. R. 527 *; Whitcomb* v. *Reid*, 31 Ib. 567 ; *Brown* v. *Brown*, 33 Ib. 39.

HANDY, J., delivered the opinion of the court.

The question presented in this case is this: Does the interest and estate of a widow, in property of her deceased husband exempt from execution, and which, under the Statute of 20th October, 1852, chap. 36, goes to her and the children, cease and determine upon her subsequent marriage to another husband, there being no children of the former husband, either at the time of his death, or thereafter.

The statute, upon the construction of which this question depends,

is as follows : " That hereafter all property, real, personal, or mixed, at present exempt from execution by virtue of any laws now in force, upon the death of the husband dying intestate, (shall) descend in like manner as other property descends, according to the laws now in force, to the widow and children during widowhood, and afterwards to all the children alike, free from all contracts and liabilities of said decedent, or his widow during her life."

It appears to be evident, both from the object intended by this statute, and its language, that an absolute estate does not vest in the widow under its provisions. It was doubtless founded on the reason of providing for the necessities of the widow, while she might be destitute and unable to provide for herself, and to continue to her, in that condition, the benefit of the same property which was secured to her husband for the support of herself and his children. And this object is fulfilled by limiting her estate to her widowhood, which is done by the language employed.

If there had been children of the first husband at the time of the second marriage of the widow, it is very clear that her estate would have ceased upon that marriage ; for that is the express provision of the statute, " afterwards" (that is, when her widowhood ceases), " the property shall go to all children alike," &c. This is a positive limitation over of the property upon her widowhood ceasing.

But the question here is, whether her estate ceased upon her second marriage, when there were no children to take under the limitation over ; and this depends upon the question, whether her estate is limited *by the terms of the statute, to her widowhood,* though there were no children to take under the limitation over.

The reason of the statute, as above stated, appears to be satisfied by confining her estate to her widowhood. When she marries again, she forms a new relation, and is under the care and protection of one, presumed in law to be able and willing to support and maintain her. She may be presumed then, not to stand in need of the provision which the law makes for the destitute and unprotected. The reason of the beneficent provision of the law ceases.

If this be the true spirit of the statute, it serves to reconcile the strict language of the statute, with the principles of justice and humane policy manifested by it. The language used is, that the property shall " descend in like manner as other property descends,

Carpenter & Co. v. Brownlee and wife.

according to the laws now in force, to the widow and children *during widowhood.*" Her estate rests entirely on this clause, and is manifestly limited by it to her widowhood. During that time it is vested in her jointly with the children, if there be any; and it was, therefore, proper to make provision for the condition of the property, with reference to the interest of the children, after her widowhood should cease. Hence the provision, that the property which belonged to her and the children jointly, during her widowhood, should go to them exclusively, when her widowhood ceased, because her interest was to go over to them in that event. But there was no necessity for making provision for what should become of her interest in any other event, when her widowhood ceased. Her estate then ceased by the terms of the statute; and as her condition during widowhood, and that of the children, were the subjects of the provisions of the statute, if there were no children, and her widowhood had ceased, there was nothing to call into exercise the beneficent policy declared; the estate conferred on the widow was determined by its limitation, and it reverted according to law. It was not necessary for the purposes of the statute, that this reversion should have been expressed in it; for its object was to make such provisions only, as were necessary for the condition of the persons embraced within its policy. Hence the reversion is not expressed; but it follows as a legal consequence from the failure of the limitation over to the children, and upon the determination of the particular estate of the widow.

If we look to the language upon which the estate of the widow rests, we find that it no more warrants the opinion that the estate conferred upon her was not determined by her death, than that it was not determined by her marriage; and the scope and object of the statute, appear no more to contemplate its continuance in the one case than in the other. But it is clear, that neither the language, nor the scope, of the statute, gives her an estate which continues after her death.

The cases of *Whitcomb* v. *Reid*, 31 Miss., and *Brown* v. *Brown,* 33 Ib., are relied on to sustain the title of the widow.

The latter case holds simply that the estate of the widow, under this statute, vests immediately on the death of her intestate husband, and is not forfeited by her subsequent removal from this

State, there being no such condition annexed to her estate by the statute.    This proceeds manifestly upon a very different principle from that which governs this case; which is, that the statute positively limits the duration of the estate to widowhood, and that that has been determined by her marriage.    The former case holds that the statute confers a substantive right upon the children, if there be any, whether there be a widow or not; but it also holds, that the property goes to the children, if there be any, upon the death or *marriage* of the widow, which accords with the construction of the statute above taken.

Several objections are urged against this view of the widow's rights under the statute, which deserve notice.

*First.* It is said that the statute should not receive a construction which would defeat an estate vested.    This assumes that the statute creates an estate not determinable by the marriage of the widow; which, as we have above seen, is not a correct view of the subject.

*Second.* It is objected, that this construction would work a forfeiture of an estate, and would operate in restraint of marriage, which it cannot be presumed that the legislature intended.    But the statute has fixed the quality and quantity of the estate conferred. In exempting the property from liability for the debts of the deceased, it designates the person in whose behalf, and the circumstances under which, the exemption shall take place.    It defines the estate of the widow, and limits its duration, making it a particular estate carved out of the general estate.    When the contingency of death or marriage takes place, the exemption ceases, and the particular estate is determined.    There is, therefore, no forfeiture, and the marriage removes the necessity for the benefit created by the statute.    If the limitation operates as a restraint upon marriage, it was within the power of the legislature so to enact, and the act cannot be disregarded.

*Third.* It is objected that this construction would retard the settlement of estates, which is against the policy of the law.    This may be an inconvenience to creditors, but it is no just reason why the legislature should not have intended that the property of the debtor, which in natural justice should be subjected to the payment of his debts, should be ultimately so applied, where the reasons for the humane policy which exempted it, no longer exist.

It is also said that great confusion might arise by the death of the second husband, whereby she would again become a widow, and her right be restored within the terms of the statute. But when she once ceases to be the widow of the person holding the property, she can never be restored to that character by the death of her subsequent husband, but must take her rights from that husband.

*Lastly.* It is said that the policy of the statute was to confer an absolute title on the persons embraced within its provisions, and that the title, having vested in the widow, cannot revert without plain provisions of the statute showing such an intention. In the case of the children, this view would be well founded; but as to the widow, it assumes that an absolute estate was vested in her; whereas we have above seen, that the statute only confers a particular estate upon her; and upon well-established legal rules, when that is determined in the manner mentioned in the statute, and there are no children to take the property thereupon, under the limitation over, it must of necessity revert to the person entitled to the estate in fee.

It follows from these views, that the decree of the court below dismissing the petition must be reversed, and the cause remanded for further proceedings.

As to that part of the answer which sets up title in the widow to a part of the lots in controversy, as her separate property, held in the name of her deceased husband in trust for her, that will be a matter of investigation independent of the views above taken upon the main question presented; and if her title as alleged, be established by proof, that part of the property may not be subject to the claim of the creditors of the deceased husband. But that question will be properly presented, when her title is proved as alleged in her answer.